IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Sean Donald Long, Sr., | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11cv539 (JCC/IDD) |
| | ) | |
| Harold W. Clarke, | ) | |
|    Respondent. | ) | |

MEMORANDUM OPINION

Sean Donald Long, Sr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 29, 2011, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has opted to file no reply. For the reasons that follow, respondent's Motion to Dismiss must be granted, and petitioner's claims must be dismissed.

I. Background

Petitioner is incarcerated pursuant to a final order entered on October 12, 2010, by the Circuit Court for the County of Chesterfield, Virginia. Petitioner pled guilty to two counts of grand larceny and was sentenced to 10 years in prison with eight and one half years suspended on each count, resulting in a total active sentence of thirty-six months.

Petitioner did not directly appeal his conviction. Petitioner has never filed a state habeas corpus petition.

On May 5, 2011, petitioner filed the instant federal petition,[1] raising the following claims:

> (1) Petitioner was denied effective assistance of counsel because his attorney did not move for reconsideration of the sentence when petitioner asked him to do so.
>
> (2) Petitioner was denied the effective assistance of counsel because his attorney did not object to the preparation of a presentence report.
>
> (3) The trial court erred because the sentencing guidelines were inaccurate because they were calculated taking into account a juvenile conviction for robbery.
>
> (4) Petitioner was denied effective assistance of counsel because his attorney did not object to the erroneous sentencing guidelines and did not advise petitioner of his right to appeal based upon the error in the sentencing guidelines.

## II. Exhaustion

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, the petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct

---

[1] For incarcerated persons, a pleading is considered filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner certifies that he placed his petition into the prison mailing system on May 5, 2011. Pet. at 14; ECF No. 1.

appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995); Anderson v. Harless, 459 U.S. 4 (1982); Pitchess v. Davis, 421 U.S. 482 (1975); Picard v. Connor, 404 U.S. 270 (1971). In reviewing federal challenges to state proceedings, "[s]tate courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that her continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844.

In this case, petitioner did not exhaust his claims before the Supreme Court of Virginia, as he did not directly appeal his conviction or file a state habeas corpus petition. However, as noted above, petitioner's conviction became final on October 12, 2010; therefore, the two-year time period in which petitioner can file a timely state habeas petition has not expired. See Va. Code § 8.01-654(A)(2) ("A habeas corpus petition attacking a criminal conviction or sentence . . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in the state court or the time for filing such appeal has expired, whichever is later."). Therefore, this petition must be dismissed without prejudice for failure to exhaust all claims before the Supreme Court of Virginia.[2]

---

[2] Respondent notes that Claim (3) is likely simultaneously exhausted and procedurally defaulted. "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." In this case, claim (3) is likely defaulted under Slayton v. Parrigan, 215 Va. 27, 30 (1974), as a claim that should have been raised at trial or on direct appeal. Petitioner did not present this claim in a direct appeal, and his time to do so has expired. See Va. Code § 8.01-675.3 (stating that an appeal from a criminal conviction must be filed within thirty days of a final judgment order). However, as the instant petition must be dismissed as unexhausted, the Court need not decide the issue at this time.

## V. Conclusion

For the above stated reasons, this petition will be dismissed without prejudice for failure to exhaust all claims before the Supreme Court of Virginia. An appropriate Order shall issue.

Entered this 12th day of January 2012.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge